ALTENBERND, Judge.
Ralph E. Carr appeals an order granting partial summary final judgment in favor of Accredited Surety & Casualty, Inc. (Accredited Surety). The order granted Accredited Surety immediate possession of $28,500 in remitted bail bond funds that had been deposited in the registry of the circuit court. We reverse.
Mr. Carr was a bail bondsman who acted as an agent for Accredited Surety and issued a bond for $80,000 for a criminal defendant. The criminal defendant failed to appear at a scheduled hearing, resulting in the estreature of the bond. Accredited Surety paid the $80,000 owed on the bond to the criminal court and sought reimbursement from Mr. Carr. Accredited Surety deducted $10,000 from Mr. Carr’s build-up fund, see § 648.29, Fla. Stat. (1999), and Mr. Carr signed a promissory note for the remaining $20,000.
Shortly thereafter, Mr. Carr sold his bail bond business to Matthew Lammie. As part of the purchase price for the business, Mr. Lammie paid the $20,000 promissory note owed by Mr. Carr to Accredited Surety. Thus, it appears Accredited Surety was fully reimbursed for the $30,000 it paid to the criminal court.
After the sale, the criminal defendant for whom the $30,000 bond was issued was returned to the custody of law enforcement, thus permitting the bond estreature to be set aside. Mr. Carr, believing he was entitled to the funds because he had reimbursed Accredited Surety, filed a motion to set aside the bond estreature. Upon learning of this, Accredited Surety and Mr. Lammie objected and asserted that they were entitled to the funds.
Faced with this dispute, the criminal court did not resolve the issue. Rather, the criminal court deposited $28,500, representing the proceeds from the bond remission, into the court registry to allow the parties to resolve the dispute in a declaratory judgment action. This appeal arises from the separate declaratory judgment action filed regarding those funds, which has been consolidated with a related action between Mr. Carr and Mr. Lammie regarding the sale of the bail bond business.
Accredited Surety obtained a partial summary judgment by convincing the trial court that it was the only entity entitled to seek the setting aside of the estreature from the criminal court. Athough Accredited Surety apparently had the right to recover the bond proceeds from the state pursuant to section 903.28, Florida Statutes (1999), in the criminal proceedings, this statutory right does not determine who, among the several claimants in this action, is entitled to these funds based upon their contractual arrangements. Because many genuine issues of material fact remain in this regard, we reverse the par *143 tial summary judgment giving Accredited Surety immediate possession of these funds.
Reversed and remanded.
CASANUEVA and SALCINES, JJ., Concur.