ALTENBERND, Chief Judge.
Ralph E. Carr appeals a summary final judgment determining that Matthew P. Lammie is entitled to receive funds on deposit in the registry of the court. These funds are the proceeds from the remission of a bail bond forfeiture. See § 903.28, Fla. Stat. (1999). There are no disputed genuine issues of material fact regarding Mr. Lammie’s entitlement to these funds. Accordingly we affirm the circuit court’s ruling.
This dispute centers around whether Mr. Carr’s sale of the assets of his bail bond business, Maddox Bonding, Inc., to Mr. Lammie included certain bond forfeiture remission proceeds. Before Mr. Carr sold the business, a $30,000 bond was issued and then estreated when the defendant failed to appear at a required court hearing. After the sale, the defendant was found and $28,500 of the proceeds from the bond forfeiture were remitted. At that time, Mr. Carr, Mr. Lammie, and Accredited Surety and Casualty, Inc. (Accredited), each sought the bond forfeiture remission proceeds.[1]
As explained in a prior appeal of this matter, Carr v. Lammie, 816 So.2d 142 (Fla. 2d DCA 2002), the criminal division of the circuit court placed the disputed funds in the court registry pending the resolution of this action, a declaratory judgment action then pending in the civil *638 division of the circuit court regarding who was entitled to the funds. In Carr, we reversed a partial summary judgment entered in this declaratory judgment action that awarded immediate possession of these remission proceeds to Accredited pursuant to section 903.28. 816 So.2d at 142. At that time, the record suggested that Accredited, although initially entitled to seek remission, could not legally retain the funds remitted because they had been reimbursed either by Mr. Carr or by Maddox Bonding. We remanded in the first appeal for the trial court to determine who among the several claimants was entitled to receive these remission proceeds based upon the contractual relationships among the claimants. Id. at 142-43.
On remand, Mr. Carr filed a motion for summary judgment and Mr. Lammie and Accredited filed a joint motion for summary judgment. Thus both parties asserted that there were no disputed genuine issues of material fact. The circuit court granted summary judgment in favor of Mr. Lammie, finding that Mr. Lammie was entitled to the bond forfeiture remission proceeds.
The undisputed facts before the circuit court establish that in the spring of 1999, Mr. Carr owned Maddox Bonding, Inc., a bail bond agency. See § 648.25(1), Fla. Stat. (1999). He entered into negotiations to sell this business to the agency’s employee, Mr. Lammie. Among the assets that Mr. Carr represented that he was selling to Mr. Lammie was the build-up fund with Accredited, which is described on the documents related to the sale as a money market account. See § 648.29, Fla. Stat. (1999). A statutory build-up fund may be posted by a bail bond agent or a bail bond agency. See § 648.29(1). In his deposition, Mr. Carr admitted that this build-up fund was an agency fund of Maddox Bonding.
On April 19, 1999, prior to the closing of the sale, a $30,000 bond issued by Accredited through Maddox Bonding was estreat-ed when a criminal defendant failed to appear in court. Accredited paid the $30,000 forfeiture to the court and sought reimbursement from Mr. Carr and Maddox Bonding. Most, if not all, of the buildup fund was used to cover $10,000 of the bond estreature. To satisfy the remaining balance, Mr. Carr, individually and as president of Maddox Bonding, signed a $20,000 promissory note payable to Accredited. The promissory note anticipated that it would be paid in full upon the sale of Maddox Bonding.
On July 16, 1999, Mr. Carr and Mr. Lammie closed on the sale of Maddox Bonding. Without objection by Mr. Carr, Mr. Lammie paid $20,000 of the initial purchase price directly to Accredited to satisfy the promissory note. Shortly after this sale, the missing defendant was recovered and $28,500 of the bail bond forfeiture proceeds were remitted. Mr. Carr, Mr. Lammie, and Accredited each made a claim for these proceeds.
The dispositive issue in this case is whether the contingent right to receive the remission proceeds from Accredited was an asset of Maddox Bonding and treated as such by Mr. Carr and Mr. Lammie in the sale of that business’s assets, or whether that contingent right was the personal asset of Mr. Carr and thus not included within the sale of the business assets. The circuit court concluded that the undisputed facts established that the remission proceeds were an asset of Maddox Bonding included in the sale of that business’s assets to Mr. Lammie. We agree.
The “contract for sale” and the “bill of sale” used to transfer the assets of Maddox Bonding from Mr. Carr to Mr. Lammie are not models of legal clarity. *639 Mr. Carr created these documents, modeling them after outdated forms that had been used when he purchased the business years earlier.[2] Any ambiguity in these documents must be construed against him. See Coastal Caisson Drill Co. v. Am. Cas. Co., 523 So.2d 791 (Fla. 2d DCA 1988).
The contract for the sale of the business specifically stated that it was a sale of the assets of Maddox Bonding. No assets were excluded from the sale in the contract documents. The contract made no specific reference to future bond forfeiture remissions, but it transferred all accounts receivable to Mr. Lammie and it contained a hold harmless agreement that made Mr. Lammie liable for the risk of any future estreature on a bond that had been issued through Mr. Carr. The contract further required that the seller “has paid or simultaneously with the closing will pay all accounts payable or other moneys due and owing” by the business. Thus, the agreement effectively transferred the assets and any contingent liabilities of Maddox Bonding to Mr. Lammie.
Further, the remission proceeds were an asset of Maddox Bonding. The remission proceeds were a refund of the funds paid to cover the $30,000 estreature. That es-treature was initially paid in part by the build-up fund and in part by the promissory note. In his deposition, Mr. Carr acknowledged that the build-up fund was an asset of Maddox Bonding. Indeed, his initial written disclosures to Mr. Lammie regarding the sale listed this money market fund as an asset of the business. In addition, the promissory note was an obligation of Maddox Bonding, although it was signed by Mr. Carr both individually and as president of the company. It was a debt of the corporation that had to be paid prior to the closing on the sale. Because the $30,000 estreature was initially paid by Maddox Bonding, the remission of those funds was the asset of Maddox Bonding. Those assets are now owned by Mr. Lam-mie.
After carefully reviewing the depositions and exhibits, we conclude that the circuit court correctly determined that no factual dispute exists and that, as a matter of law, the parties transferred the right to receive the remission proceeds from Maddox Bonding to Mr. Lammie. Accordingly, we affirm the trial court’s judgment.
Affirmed.
DAVIS, J., and THREADGILL, EDWARD F., SENIOR JUDGE, concur.

. Maddox Bail Bonds, Inc., a party in these proceedings, is a corporation set up by Mr. Lammie to continue the business formerly operated as Maddox Bonding, Inc.

. For example, in the contract the seller warrants that there are no creditors so that the parties will not need to comply “with the provisions of the Bulk Sales Law of the State of Florida (Chapter 676, Florida Statutes).” Chapter 676 was repealed by the legislature in 1993. Ch. 93-77, § 3, Laws of Fla.